FILED - GR
June 28, 2022 1:04 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: HB 6/28

In the United States District Court
For the Western District of Michigan

DANIEL SANTIAGO #496789, Muskegon Correctional Facility

2400 South Sheridan Drive, Muskegon, MI 49442

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v. HIDIE WASHINGTON, KATHERINE WEST, (UNKNOWN) PUFFMAN

(UNKNOWN) MACINTIRE, MARY R. CORNING, JERALD C. RITZ,

(UNKNOWN) BUTLER, DR. SIEES, HOUGHTON, WARDEN MACCAULY, ET. AL.

(Enter above the full name of the defendant or defendants in this action.)

1:22-cv-591
Phillip J. Green
U.S. Magistrate Judge

## COMPLAINT

I. **Previous Lawsuits**

   **CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the required $350 filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $350 filing fee regardless whether your complaint is dismissed.

   A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?   Yes ☐  No ☒

   B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

   1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   _____

   2. Is the action still pending?   Yes ☐  No ☐

      a. If your answer was no, state precisely how the action was resolved: _____

   _____

   3. Did you appeal the decision?   Yes ☐  No ☐

   4. Is the appeal still pending?   Yes ☐  No ☐

      a. If not pending, what was the decision on appeal? _____

   _____

   5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?   Yes ☐  No ☐

      If so, explain: _____

II. Place of Present Confinement **Muskegon Correctional Facility**

   If the place of present confinement is not the place you were confined when occurrence that is subject of instant lawsuit arose, also list the place you were confined: **Bellamy Creek Correctional Facility**

-1-

III. **Parties**

A.  Plaintiff(s)

Place your name in the first blank and your present address in the second blank. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff __Daniel Santiago #496789__

Address __Muskegon Correctional Facility, 2400 South Sheridan Drive, Muskegon, MI 49442__

B.  Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

Name of Defendant #1 __Hidie Washington__

Position or Title __Director, M.D.O.C.__

Place of Employment __Michigan Department of Corrections__

Address __P.O. Box 30003, Lansing, MI 48909__

Official and/or personal capacity? __Official and personal Capacity__

Name of Defendant #2 __Katherine West__

Position or Title __Registered Nurse__

Place of Employment __Bellamy Creek Correctional Facility__

Address __1727 West Bluewater Highway, Ionia, MI 48846__

Official and/or personal capacity? __Official and Personal Capacity__

Name of Defendant #3 __(UNKNOWN) Puffman__

Position or Title __Registered Nurse__

Place of Employment __Bellamy Creek Correctional Facility__

Address __1727 West Bluewater Highway, Ionia, MI 48846__

Official and/or personal capacity? __Official and Personal Capacity__

Name of Defendant #4 __(UNKNOWN) Macintire__

Position or Title __Registered Nurse__

Place of Employment __Bellamy Creek Correctional Facility__

Address __1727 West Bluewater Highway, Ionia, MI 48846__

Official and/or personal capacity? __Official and Personal Capacity__

Name of Defendant #5 __Mary R. Corning__

Position or Title __Registered Nurse__

Place of Employment __Bellamy Creek Correctional Facility__

Address __1727 West Bluewater Highway, Ionia, MI 48846__

Official and/or personal capacity? __Official and Personal Capacity__

Name of Defendant #6: Jerald C. Ritz
Position or Title: Registered Nurse
Place of Employment: Bellamy Creek Correctional Facility
Address: 1727 West Bluewater Highway, Ionia, MI 48846
Offical and/or personal capacity: Official and Personal Capacity

Name of Defendant #7: (UNKNOWN) Butler
Position or Title: Correctional Officer
Place of Employment: Bellamy Creek Correctional Facility
Address: 1727 West Bluewater Highway, Ionia, MI 48846
Offical and/or personal capacity: Official and Personal Capacity

Name of Defendant #8: (UNKNWON) Siees
Position or Title: Physician
Place of Employment: Bellamy Creek Correctional Facility
Address: 1727 West Bluewater Highway, Ionia, MI 48846
Offical and/or personal capacity: Official and Personal Capacity

Name of Defendant #9: (UNKNOWN) Houghton
Position or Title: Prisoner Counselor
Place of Employment: Bellamy Creek Correctional Facility
Address: 1727 West Bluewater Highway, Ionia, MI 48846
Offical and/or personal capacity: Official and Personal Capacity

Name of Defendant #10: (UNKNOWN) McCauly
Position or Title: Warden
Place of Employment: Bellamy Creek Correctional Facility
Address: 1727 West Bluewater Highway, Ionia, MI 48846
Offical and/or personal capacity: Official and Personal Capacity

IV. **Statement of Claim**

State here, as briefly as possible, the facts of your case. Describe how each defendant is personally involved. Include also, the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

On July 7, 2021, Plaintiff Daniel Santiago was housed at the Bellamy Creek Correctional Facility in Ionia, Michigan. The Plaintiff was under the care of Dr. Saaid for depression/P.T.S.D. Plaintiff was prescribed a medication called VENLAFAXINE by said doctor. This medication comes with many side effects including "FEELING DIZZY, SLEEPY, TIRED, OR WEAK." (See page 2 of Exhibit 1). Also see page 1 of same Exhibit where it clearly states: "AVOID DRIVING AND DOING OTHER TASKS OF 'ACTIONS' (climbing on a top bunk) THAT CALLS FOR YOU TO BE ALERT UNTIL YOU SEE HOW THIS DRUG AFFECTS YOU," which may take a month to see how this medication will effect you.

On August 15, 2021, a little over a month since Plaintiff was prescribed this medication by Prison Dr. Saaid, Plaintiff fell off his assigned top bunk. This fall is the height of 4 to 5½ feet. Plaintiff hit his head on the cement table located within the cell and was unconscious for a period of time. The Plaintiff's cell mate (Jason Sanders #305405) called for prison staff, who then called Emergency Medical Services. At this time the Plaintiff was rushed to Butterworth Hospital in Grand Rapids, Michigan. While at Butterworth Hospital the Plaintiff was seen by Dr. Nicholas Dyga (See Exhibit 2, pgs 1-8). Plaintiff suffered a "FRONT SCALP SWELLING/HEMOTOMA) per Dr. Dyga. (See page 5 of Exhibit 2). Plaintiff was treated and released back to the Department of Corrections, and transported back to the Bellamy Creek Correctional Facility.

This is where the violation of the Plaintiff's EIGHTH AMENDMENT RIGHT to medical care starts. All named Defendants acted with DELIBERATE INDIFFERENCE.

The Plaintiff will prove to this Honorable Court that:

1) All Defendants knew about Plaintiff's SERIOUS medical needs.
2) All Defendants did NOTHING to help or to ease the pain and suffering the Plaintiff was going through.

*** CONTINUED ***

(Last Revised: November 2012)

When Plaintiff returned back to the facility he was not processed in through Health Care as per policy. Plaintiff was returned back to his housing unit and placed, once again, on the top bunk where he had fallen from. Plaintiff reported to Health Care staff (all named Defendants) many times that he was suffering from dizziness and severe pain to his his, neck, and back to the point when Plaintiff could not walk to Health Care, the chow hall, or any other place. Plaintiff was paralyzed for a period of time.

Plaintiff notified Health Care staff many times throughout the week, including ALL named Defendants (but not limited to all known and unknown Defendants employed by the Michigan Department o Corrections, or those Defendants employed by a contractual provider, at the Belllamy Creek Correctional Facility in Ionia, Michigan): R.N. Katherine West; R.N. (Unknown) Puffman; R.N. (Unknown) Macintire; R.N. Mary R. Corning; R.N. Jerald C. Ritz; C/O (Unknown) Butler; R.N. (Unknown) Strong; and Dr. (Unknown) Siees; P.C. (Unknown) Houghton; Warden (Unknown) McCauley; Director Hidie Washington.

Plaintiff was in so much pain that he went to Mr. Houghton, the Prisoner Counselor (P.C.), who at that time was assigned to housing unit 5 at said facility. Defendant Houghton told Plaintiff: "There's nothing I can do for you Mr. Santiago. Go back to your cell."

The Plaintiff then made contact with the unit representative (Gregory Schulz) (See Exhibit 3, the Declaration of Mr. Schulz) who was a member of the Warden's Forum. Mr. Schulz did, in fact, bring this matter to the attention of P.C. Houghton, who in turn told Mr. Schulz that there was nothing he could do for Mr. Santiago. Mr. Schulz then brought this issue up at the unit representative with Warden McCauly. Warden McCauly informed Mr. Schulz that he would look into this matter. The Defendant, Warden McCauly NEVER did look into the matter, thus committing the act of DELIBERATE INDIFFERENCE AGAINST THE PLAINTIFF.

At this time all of the Defendants were fully aware of the Plaintiff's pain and suffering.

All the Defendants mentioned in this complaint did, in fact, commit the act of DELIBERATE INDIFFERENCE upon the Plaintiff, Mr. Santiago. At the time this complaint is being filed, Plaintiff Santiago is still suffering from severe headaches and dizziness which are causing him a lifetime of pain and suffering.

V. **Relief**

State briefly and precisely what you want the court to do for you.

WHEREFORE, Plaintiff DANIEL ROSADO SANTIAGO, respectfully prays that this Honorable Court enter judgment as follows:

1) Granting Plaintiff SANTIAGO a declaration that the acts and omissions described in this complaint does, in fact, violate his Eighth Amendment Right. (DELIBERATE INDIFFERENCE)

2) Granting Plaintiff SANTIAGO compensatory damages for the amount of $40,000 against EACH Defendant.

3) Granting Plaintiff recovery of any/all costs involved in filing this action, including the filing fee.

4) Any relief that this Honorable Court deems fit.

06-22-2022
Date

Signature of Plaintiff

Daniel R. Santiago #496789

### NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

-4-

(Last Revised: November 2012)

## EXHAUSTION OF LEGAL REMEDIES

Plaintiff, DANIEL ROSADO SANTIAGO did, in fact, try to exhaust his state remedies, which in the State of Michigan is through the prisoner grievance procedure. As the world was impacted by the COVID-19 Pandemic, the prison system, including the Bellemy Creek Correctional Facility, were also impacted severely by the pandemic. At this time there was no Grievance Coordinator to file a grievance with. Please see Rose v. Blake, 578 U.S. 632; 136 S.Ct. 1850; 195 L.Ed. 117 (2016), which sates in part: When an administrative procedure is unavailable when (DESPITE WHAT REGULATIONS OR GUIDANCE MATERIALS MAY PROMISE) i operates as simple dead end - with prison officers unable or consistently unwilling to provide any relief to aggrieved inmates.

42 U.S.C. 1197 e(e) provides: No action shall be brought with respect to prison conditions under [42 U.S.C.S. 1983], or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are "AVAILABLE" are exhausted. In the present case the "state remedies" were not "AVAILABLE" to exhaust due to the facility not having a Grievance Coordinator because of the COVID-19 Pandemic. Plaintiff could not filed step one (1) or step two (2) an Plaintiff could not get the step three (3) grievance form because the Michigan Department of Corrections requires that a prisoner filing a step three (3) grievance SHALL "kite the Grievance Coordinator to get a step three (3) grievance form." When there's no Grievance Coordinator to kite, a prisoner is left with N OTHER way to file a grievance!



Daniel Rosado Santiago #496678
Muskegon Correctional Facility
2400 S. Sheridan Rd
Muskegon, MI 49442

United Stat
Wester
399 Feder
110 Michig
Grand Rap